David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Ste. 460
Phoenix, Arizona 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorneys for the Plaintiff
Todd Peters

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Todd Peters | Case Number: |
| | |
| Plaintiff, | **Complaint For Damages** |
| v. | |
| | **Jury Trial Demanded** |
| U.S. Collection West, Inc. | |
| | |
| Defendant. | |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Todd Peters, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of U.S. Collection West, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Surprise, County of Maricopa, State of Arizona.

11. Defendant is located in the City of Phoenix, the County of Maricopa, and the State of Arizona.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

15. At all times relevant, Defendant conducted business within the State of Arizona.

16. Sometime before June 29, 2010, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before June 29, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before June 29, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about June 29, 2010, Defendant sent a letter to Plaintiff in an attempt to collect the alleged debt.

21. In this letter Defendant attempted to collect interest on the alleged debt at an interest rate of 10%, listing the amount of interest due as $1.99.

22. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when

such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

23. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

24. On or about July 13, 2010, Defendant's agent, Christie, called Plaintiff in an attempt to collect an alleged debt.

25. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.

26. Defendant's agent, Christie, then left a voicemail for Plaintiff. In this voicemail, Defendant failed to disclose Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or that the communication was from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

27. Defendant's agent also failed to identify the company she was calling from. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

28. Plaintiff then returned Defendant's call. During this communication, Defendant threatened that the alleged debt would be placed on Plaintiff's credit report on July 28th, 2010. In response to Plaintiff's protests, Defendant's agent responded that this was "federal law, and if she changed it for [Plaintiff] she had to change it for everyone.

29. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

30. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

31. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

32. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

33. Defendant's agent demanded Plaintiff pay the entire balance of the alleged debt, or it would be reported to the credit bureaus. When Plaintiff explained he could not afford to pay the $4,800 Defendant was requesting, Defendant's agent said her supervisor Bob Fisher would give Plaintiff a call the next day to discuss the debt.

34. After not receiving a call from Defendant's agent Bob Fisher, Plaintiff called Defendant and left messages. Eventually, a few days later, Defendant's agent Bob Fisher called Plaintiff.

35. During the conversation with Defendant's agent Bob Fisher, similar threats were made to Plaintiff. Defendant's agent stated that the alleged debt would be placed on Plaintiff's credit reports on July 28th, 2010. Defendant further threatened to take legal action against Plaintiff.

36. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

37. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

HYDE & SWIGART
Phoenix, Arizona

38. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

39. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

40. When Plaintiff attempted to negotiate an option for payments, Defendant's agent stated that a payment plan wasn't up to him, but rather it was up to the original creditor.

41. Plaintiff is informed and believes that this statement was a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

42. On or about August 3, 2010, Defendant's agent, Jason Cook, called Plaintiff and left a voicemail.

43. In this voicemail, Defendant failed to disclose Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

44. Defendant's agent also failed to identify the company he was calling from. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

45. Also in this voicemail Defendant's agent referenced a case number being "processed" in Maricopa County.

46. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

47. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

48. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

49. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

50. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

51. When Plaintiff returned Defendant's call, Defendant's agent made additional threats of litigation. Defendant stated that Defendant was "currently filing in Maricopa County court." Further stating that Defendant was going to sue Plaintiff, and that Plaintiff would have to pay Defendant's attorney's fees and costs.

52. When Plaintiff tried to explain he was considering filing bankruptcy, Defendant's agent shouted, "RACE ME TO THE COURTHOUSE TO FILE A JUDGMENT, 1....2....3....GO!!!" Defendant's agent then hung up the phone on Plaintiff.

53. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

54. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

55. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

56. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

57. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

58. In a panic, Plaintiff immediately called back Defendant. During this call, Defendant's agent made additional false statements including that Defendant's agent overrode Defendant's system so the debt is not yet being reported to the credit bureaus. Further stating, that if Defendant did report the debt to the credit bureaus, he would report the debt as an eviction and that Plaintiff would not be able to rent again for a long time.

59. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

60. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

61. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

62. Through this conduct, Defendant communicated or threatened to communicate to a person credit information which was known or which should have been known to be false. Consequently, Defendant violated 15 U.S.C. § 1692e(8).

63. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

64. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

65. Due to Defendants actions, Plaintiff has suffered actual damages in the form of mental anguish including nervousness, stress, anxiety, loss of sleep, and fear of answering the telephone all impacting his personal relationships.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692 ET SEQ.

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

68. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

//

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

69. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

70. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

71. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## TRIAL BY JURY

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: August 12, 2010         **Hyde & Swigart**

By: /s/ David J. McGlothlin
David J. McGlothlin
Attorney for the Plaintiff